In the Matter of the Application of JACOB POHS, Respondent, for an Order Requiring NATHANIEL LESSER, Appellant, Counselor at Law, to Pay over Certain Moneys Received in His Capacity as Attorney and Counselor at Law.— The appellant, an attorney, brought two actions to recover money and assets of a corporation alleged to have been converted by its president and manager. One was a stockholders' derivative action and the other that of petitioner to recover for conversion of assets which he had claimed under an alleged trust certificate. Another stockholder made a claim. As the stockholders' derivative action was about to be tried, a settlement was reached of both actions, and it was agreed, among other things, that a lump sum should be paid and the parties and claimant should surrender their certificates of stock and the so-called trust certificate in consideration therefor and both actions should be discontinued. There was no written agreement as to how the sum received in settlement should be allocated or apportioned between the claimants. Disbursements to a considerable extent had been made, apparently partly by one of the parties and by the attorney. The attorney distributed the money in apparent good faith in accordance with his understanding as to its apportionment between the claimants. The petitioner was dissatisfied and sought by a summary proceeding to compel the payment of a further sum to him by the attorney out of the portion that he had retained as his fees. The matter was sent to an official referee, who heard the evidence and made a report containing no findings of fact but vouchsafing the opinion that the appellant should pay a specified sum to the petitioner. This report was formally confirmed by the order from which an appeal is taken. A study of the evidence does not reveal any clear or coherent arrangement between the parties as to the allocation of the funds. There were errors on the hearing in excluding certain evidence that was competent. There is nothing to indicate any misconduct on the part of the attorney. At most, the evidence discloses a misunderstanding between the parties in respect to a division between them of the money received in settlement. Under such circumstances this summary remedy is not a proper method to determine and distribute claims. (*Matter of Knapp*, 85 N. Y. 284; *Schell* v. *Mayor*, etc., 128 id. 67, and *Matter of Paschal*, 77 U. S. [10 Wall.] 483.) This court will exercise the discretion which should have been exercised at Special Term and leave the matter to be determined in a plenary action where all of the parties can be brought in, to the end that there may be a redistribution of the funds in accordance with the agreement, if one can be found, or according to the rights and equities established. Order reversed on the law and the facts, with costs, the motion denied and the proceeding dismissed, with costs. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.